The People of Puerto Rico, Plaintiff and Appellee, v. Celio Díaz Nieves, Defendant and Appellant.

No. 11057.    Argued November 15, 1945.—Decided November 29, 1945.

*William Luyando Charneco* for appellant. *E. Campos del Toro, Attorney General, L. Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras for appellee.*

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Celio Díaz Nieves was charged in the District Court of San Juan with the crime of burglary in the first degree. After a jury trial, he was found guilty and sentenced to eight years' imprisonment in the penitentiary. In this appeal he assigns the following errors: 1st, that the court admitted the confession of the defendant without it being previously proved by the prosecuting attorney that the same had been obtained voluntarily; 2d, that the record stenographer failed to take down the instructions given by the court to the jury; and, 3rd, that the verdict rendered is against the weight of the evidence.

The confession of the defendant, signed by him, contains the following warning given by the district attorney:

"Celio, you are being charged, jointly with Rafael Rivera, with having broken and entered the Montañez Bar on the night of July 23, 1943. As a defendant, you may or you may not testify; if you testify you do it voluntarily, and your testimony may be used against you. Without any promise, threats, or offer whatsoever, do you wish to testify voluntarily?"

The defendant answered affirmatively and continued his confession of having entered into the Montañez Bar during the night of July 23, 1943. The prosecuting attorney's stenographer also testified in rebuttal, without any objection on the part of the defense, that the defendant gave his testimony voluntarily and that he asked to be taken before the court in order to plead guilty.

Neither the first[1] nor the third error was committed, for the testimony of defendant's accomplice was corroborated and the evidence for the prosecution, as a whole, which was believed by the jury, is sufficient to support the verdict of guilty.

[1] Cf. *People v. Lebrón*, 61 P.R.R. 634.

█ If the second error had been committed we would have to reverse the judgment, according to our ruling in *People* v. *Colón,* 63 P.R.R. 371. Notwithstanding the statement of appellant's attorney, William Luyando Charneco, to the effect that the record stenographer of the lower court had failed to take down the instructions given by the court to the jury, the fact is that said instructions were actually taken down in shorthand and a copy thereof sent to this court. The fact that in the prosecution of the appeal the stenographer failed to include said transcription did not justify said attorney in stating in his brief that the instructions had not been taken down in shorthand. We must presume that in complying with his duty as defendant's counsel, he was present while the judge charged the jury and that he saw or could have seen whether the stenographer complied with his duty of taking down said instructions in shorthand. If he was not present, he could have easily been informed by the stenographer himself. In any event, it is deserving of the court's censure, that an untrue fact has been assigned in this court as error. We expect that it shall never occur again.

The judgment appealed from must be affirmed.